**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| IRENE DIONNE,<br>Plaintiff,<br>v.<br>BANK OF AMERICA &<br>BANK OF AMERICA CORPORATION<br>Defendant. | C.A. No.: 1:07-cv-00374-S-DLM |

**ANSWER**

Defendant Bank of America, N.A. (incorrectly identified as Bank of America and/or Bank of America Corporation in the Complaint and hereinafter referred to as "BOA" or "Defendant") hereby answers the Complaint of Irene Dionne ("Dionne" or "Plaintiff") as follows:

**INTRODUCTORY STATEMENT**

Plaintiff's Introductory Statement contains prefatory material to which no responsive pleading is required. To the extent a response is necessary, Defendant denies all allegations set forth in the Introductory Statement.

**JURISDICTION AND VENUE**

1. Paragraph 1 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a response is necessary, Defendant denies all allegations set forth in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a response is necessary, Defendant denies all allegations set forth in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a response is necessary, Defendant denies all allegations set forth in Paragraph 3 of the Complaint, including subparts (a), (b) and (c).

4. Defendant admits only that Plaintiff filed a charge of discrimination with Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") on or about February 5, 2007. Except as expressly admitted, Defendant denies all allegations set forth Paragraph 4 of the Complaint.

5. Defendant admits only that Plaintiff obtained a Right to Sue letter from the RICHR and the EEOC. Except as expressly admitted, Defendant denies all allegations set forth in Paragraph 5 of the Complaint.

**THE PARTIES**

6. Upon information and belief, Defendant admits that Plaintiff is an individual whose last known address is Greenville, Rhode Island. Except as expressly admitted, Defendant denies all allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits that it is a national banking association formed under the laws of the United States of America with its principal place of business in Charlotte, North Carolina. Defendant admits that it conducts business in the State of Rhode Island. Except as expressly admitted, Defendant denies all allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a response is necessary, Defendant denies all allegations set forth in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a response is necessary, Defendant denies all allegations set forth in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a response is necessary, Defendant denies all allegations set forth in Paragraph 11 of the Complaint, including subparts (a), (b) and (c).

**FACTS APPLICABLE TO ALL COUNTS**

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff was hired as an employee by Fleet National Bank, a corporate predecessor of Defendant, in or around July 1996. Except as expressly admitted, Defendant denies all allegations set forth in Paragraph 13 of the Complaint.

14. Paragraph 14 states a legal conclusion to which no responsive pleading is required. To the extent a response is necessary, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and therefore denies them.

15. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies them.

16. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies them.

17. Defendant admits that Plaintiff was hired by Fleet National Bank, a corporate predecessor of Defendant, in or around July 1996. Except as expressly admitted, Defendant denies each an every allegation set forth in Paragraph 17 of the Complaint.

18. Defendant admits that in 2005 Plaintiff held the position of Trust Officer II. Except as expressly admitted, Defendant denies each an every allegation set forth in Paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff began a medical leave of absence on or around December 20, 2005. Defendant further admits that Plaintiff applied for certain benefits from Metropolitan Life Insurance Company ("MetLife"). Except as expressly admitted, Defendant denies all allegations set forth in Paragraph 19 of the Complaint.

20. Defendant admits the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. The Complaint contains no Paragraph 24.

25. The Complaint contains no Paragraph 25.

26. Defendant denies all allegations set forth in Paragraph 26 of the Complaint.

27. Defendant admits that on or about October 25, 2006 Plaintiff's supervisor sent her a written letter, which speaks for itself. Except as expressly admitted, Defendant denies all allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies all allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies all allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies all allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies all allegations set forth in Paragraph 31 of the Complaint.

**COUNT I**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**REFUSAL TO REASONABLY ACCOMMODATE**
**Under**
**RHODE ISLAND CIVIL RIGHTS ACT**
**R.I.G.L. SECTION 42-112-1**

32. Defendant incorporates its responses to Paragraphs 1-31 above as though fully set forth herein.

33. Defendant denies all allegations set forth in Paragraph 33 of the Complaint, including subparts (a), (b), (c) and (d).

34. Defendant denies all allegations set forth in Paragraph 34 of the Complaint, including subparts (a), (b) and(c).

35. Defendant denies all allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies all allegations set forth in Paragraph 36 of the Complaint and explicitly denies that Plaintiff is entitled to any damages in this matter.

WHEREFORE, Defendant denies that the Plaintiff is entitled to any judgment, award, damages and any other relief, and respectfully requests that the Court dismiss Plaintiff's Complaint and award it costs, attorney's fees, disbursements and such other and further relief as the Court deems just and proper.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. § 12117**
**Discriminatory Terms and Conditions of Employment**
**Retaliation**
**Failure to Accommodate**

37. Defendant incorporates its responses to Paragraphs 1-36 above as though fully set forth herein.

38. Defendant denies all allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies all allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies all allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies all allegations set forth in Paragraph 42 of the Complaint.

WHEREFORE, Defendant denies that the Plaintiff is entitled to any judgment, award, damages and any other relief, and respectfully requests that the Court dismiss Plaintiff's Complaint and award it costs, attorney's fees, disbursements and such other and further relief as the Court deems just and proper.

**COUNT III**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**Under**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. § 28-5-1 et seq.**

42. Defendant incorporates its responses to Paragraphs 1-41 above as though fully set forth herein.

43. Defendant denies all allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies all allegations set forth in Paragraph 44 of the Complaint, including subparts (a), (b), (c) and (d).

45. Defendant denies all allegations set forth in Paragraph 45 of the Complaint, including subparts (a), (b) and(c).

46. Defendant denies all allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies all allegations set forth in Paragraph 47 of the Complaint and explicitly denies that Plaintiff is entitled to any damages in this matter.

WHEREFORE, Defendant denies that the Plaintiff is entitled to any judgment, award, damages and any other relief, and respectfully requests that the Court dismiss Plaintiff's

Complaint and award it costs, attorney's fees, disbursements and such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

To the extent any of the statements listed under the "Prayer for Relief" section of the Complaint contain averments to which a response is required, Defendant denies each and every averment. Specifically, Defendant denies that Plaintiff is entitled to any damages or other relief in this case.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred on the grounds that Plaintiff, by her conduct and actions, has waived any and all rights she may have had against Defendant and, therefore, Plaintiff cannot recover in this action.

### THIRD DEFENSE

Plaintiff's claims are barred because she has failed to comply with administrative prerequisites to filing her claims and has failed exhaust her administrative remedies.

### FOURTH DEFENSE

Plaintiff is barred from recovery by the doctrine of laches.

### FIFTH DEFENSE

Plaintiff's claims for damages are barred to the extent she is unable to establish harm caused by Defendant's alleged actions.

**SIXTH DEFENSE**

Plaintiff's demand for attorneys' fees and costs should not be granted because Plaintiff cannot satisfy the requirement for awarding such damages.

**SEVENTH DEFENSE**

Plaintiff has failed to mitigate her damages.

**EIGHTH DEFENSE**

The Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* and other federal laws pre-empt, in whole or in part, Plaintiff's state and federal law claims made in the Complaint.

**NINTH DEFENSE**

Defendant acted without malice and/or intent to discriminate and to engage in other allegedly wrongful conduct, and, thus, Plaintiff lacks a basis for an award of punitive and other damages in this case.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**ELEVENTH DEFENSE**

Any violation of any state or federal law by Defendant was not willful.

**TWELFTH DEFENSE**

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a qualified individual with a disability under the Americans with Disabilities Act, a qualified person with a

disability under the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-1 *et seq.*, or otherwise entitled to relieve under such aforementioned laws.

**FOURTEENTH DEFENSE**

Defendant states that, even if Plaintiff is able to prove that a prohibited factor motivated Defendant's alleged employment actions, which Defendant expressly denies, the same action would have been taken even absent such motivation and, therefore, Plaintiff's claims must fail.

**FIFTEENTH DEFENSE**

To the extent Plaintiff is entitled to any damages, such damages are limited by statute.

**SIXTEENTH DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, because Defendant reasonably engaged in an interactive process with Plaintiff concerning her alleged impairments and Plaintiff did not request a reasonable accommodation that would have enabled her to perform the essential functions of her position.

**SEVENTEENTH DEFENSE**

To the extent Plaintiff sought any workplace accommodations, such accommodations were not reasonable and/or would cause an undue hardship to Defendant.

**EIGHTEENTH DEFENSE**

Defendant states that each and every employment action taken with respect to plaintiff was job-related, was made in good faith and for legitimate, non-discriminatory and non-retaliatory reasons, and/or was due to a bona fide occupational qualification or need.

**NINETEENTH DEFENSE**

Defendant acted at all times in good faith and reasonably believed its actions involving the Plaintiff did not violate any State, Federal or local laws, rules, regulations and/or guidelines.

**TWENTIETH DEFENSE**

Plaintiff's employment, at all times relevant to this action, was "at-will" and could be terminated by either party for any reason at any time with or without notice.

**TWENTY-FIRST DEFENSE**

If the Plaintiff suffered injuries or damages as alleged, such injuries and damages were caused by Plaintiff, and/or individuals, and/or entities for whose conduct the Defendant was not and is not legally responsible.

**TWENTY-SECOND DEFENSE**

Defendant states that it maintained a policy prohibiting discrimination and other unlawful conduct, and a procedure for the resolution of complaints alleging discrimination and other unlawful conduct.

**TWENTY-THIRD DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any discriminatory or unlawful conduct, and because Plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**TWENTY-FOURTH DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff did not suffer any adverse job action because of her disability and/or in retaliation for any protected activity.

**TWENTY-FIFTH DEFENSE**

Plaintiff's Complaint fails for misnomer of parties and for failure to join the proper parties.

**TWENTY-SIXTH DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, by the Rhode Island Workers' Compensation statute.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint on all counts and award Defendant its costs and attorneys' fees related to the defense of this action, and such other and further relief as the Court deems just.

BANK OF AMERICA, N.A.

By its attorneys,

/s/ Todd M. Reed
Todd M. Reed (#6602)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200

Dated: January 4, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of January 2008, I caused a copy of the foregoing document via electronic filing pursuant to Local Rule 5.4 to:

Stephen T. Fanning, Esquire
The Law Offices of Stephen Thomas Fanning
350 South Main Street
Providence, RI 02903

/s/ Todd M. Reed

Todd M. Reed