UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**IRENE DIONNE,**

Plaintiff

v.

C.A. NO. 07-374 S

**BANK OF AMERICA**
**& BANK OF AMERICA CORPORATION**

Defendants

**STATEMENT FOR RULE 16**

## I. INTRODUCTORY STATEMENT

This action was commenced by IRENE DIONNE (hereinafter also referred to as "Plaintiff" or "Dionne") against BANK OF AMERICA and BANK OF AMERICA CORPORATION (hereinafter also referred to as "Defendant(s)" or "Company" or "Bank"), in order to remedy and seek relief for the Defendants' alleged unlawful and discriminatory employment practices based on the Plaintiff's disability status, in retaliation for the Plaintiff seeking reasonable accommodation, in violation of Title I of The Americans with Disabilities Act of 1990, 42 U.S.C. Sections 12001 *et seq.*, and the Rhode Island Fair Employment Practices Act, R.I.G.L. 28-5-1 *et seq.*, in addition to other claims.

## II. PERTINENT FACTS

The Plaintiff worked for the Defendants, including its predecessor, for approximately 9 ½ years. The Plaintiff was hired in July, 1996, by Fleet Bank, Bank of

America's predecessor. The Plaintiff is legally blind. In 1989, Plaintiff suffered a stroke caused by arteriovenous malformation (AVM), in an area controlling her vision. At the aforementioned time, Plaintiff held the position of Medical Technician, but lost that job due to her visual limitations. After several years of unemployment and retraining, Plaintiff was hired by Fleet Bank, which in turn was acquired by the Defendants.

In May, 2005, Plaintiff became a Regional Trust Officer, in the Defendants' trust services department. On December 20, 2005, Plaintiff's physician put her out on medical leave, and she applied for disability benefits through MetLife. For several months after Plaintiff commenced her leave she interacted with the Defendants' representatives relative to possible workplace accommodations. While Plaintiff attempted in good faith to secure accommodations permitting her to perform her job, Plaintiff avers that it gradually became apparent, in the spring/summer of 2006 that the Defendants were not attempting in good faith to find such accommodations. Plaintiff further avers that to date, the Defendants have failed and refused to provide Plaintiff with reasonable accommodations, several of which were possible and would have permitted Plaintiff to continue as an active employee. At all times, Plaintiff has been able, with or without reasonable accommodation, to perform the essential functions of her position and has taken every reasonable and necessary step to accomplish a return to her position, while her application for disability benefits was under review.

On October 25, 2006, a bank vice-president sent Plaintiff a letter falsely stating

that she had voluntarily resigned her employment because she had "not reported to work since [her] leave of absence ended on September 23, 2006."

## III. PERTINENT LAW

There clearly exists a dispute relative to the pertinent and material facts relevant to the issue of whether or not the Defendant had a legitimate and nondiscriminatory reason for its treatment of the Plaintiff. Applicable in this case is the burden-shifting analysis first established by the Supreme Court in **McDonnell Douglas Corp. v. Green**, 411 US 792 (1973). See also **Feliciano de la Cruz v. El Conquistador Resort & Country Club**, 218, F.3d 1,6 (1st Cir. 2000). Under that analysis, Plaintiff can clearly make a *prima facie* showing of discrimination based on the evidence that indicates she was in the protected category, as a qualified person with a disability under the ADA; that she suffered adverse job action, that she was qualified for her position with reasonable accommodation; and that she was denied requests for reasonable accommodation.

Once Plaintiff has established her *prima facie* case, an inference of discrimination arises. See **Hodges v. General Dynamics, Corp.**, 144 F.3d 151, 165-66 (1st Cir. 1998). The Defendant must then offer a nondiscriminatory reason for the employment action in question. See **Bishop v. Bell Atlantic Corp.**, 229 F.3d 53, 58 (1st Cir. 2002). In the instant case, the Defendants contend that its treatment of the Plaintiff was for legitimate reasons. Having proffered an alleged nondiscriminatory reason for Plaintiff's treatment, the Plaintiff must then prove sufficient facts to support a finding that the adverse employment action was the result of discriminatory animus. See **Feliciano de la Cruz**,

supra, 218 F.3d at 6. The Defendants' claimed basis for its employment action towards Plaintiff is clearly rife with factual disputes.

## IV. TRIAL ISSUES

No unusual trial issues are anticipated. This case presents straightforward factual disputes relative to whether the proffered reason provided to Plaintiff for her adverse employment action was merely a pretext for the Defendants' discriminatory animus based on her disability, and whether or not she was denied reasonable accommodations. The elements of Plaintiff's proof have been outlined in detail in Section II of this statement.

## V. PROCEEDINGS TO DATE

Plaintiff's counsel has communicated with Defendants' counsel regarding this Rule 16 Conference. No discovery has been exchanged to date. Plaintiff is open to participating in the Court's Alternative Dispute Resolution Program.

Respectfully Submitted,

Plaintiff
Irene Dionne,
By Her Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

Certification

I hereby certify that a true and correct copy of the above was served on counsel for the Defendants': Todd Reed, Esq. of Edwards, Angell, Palmer & Dodge by electronic mail and Siobhan Sweeney, Esq. of Edwards, Angell. Palmer & Dodge by facsimile transmission 888-325-9182 on this 13th day of February, 2008.

/s/ Stephen T. Fanning